" cent to the city, within six hundred yards of the "fortifications of the same," was not gratuitous, but made, in consideration of their relinquishing their claim to the rest of the said commons, and of their conveying part of the land within the six hundred yards, to the present plaintiffs. 8 *Laws U. S.* 304.

IN the opinion I delivered last term, *ante* 32, I stated the grounds on which I think that the city might claim a right, accruing under the agreement or convention between the Baron de Carondelet and some of its inhabitants, although the city was not a party thereto.

I CONCLUDE that the principles, upon which the judgment of the Court rests, appearing to me untenable, I think it ought to be reconsidered.

--------

### *ELLERY* vs. *AMELUNG's SYNDICS.*

Attorney's
bill not privi-
ledged.

SUIT for services as an attorney and counsellor at law.    The plaintiff was on the insolvent's *bilan*, as a creditor of five hundred dollars for professional services.    The jury allowed him that sum, and he claimed to receive it as a priviledged debt. *Civil Code*, 468, *art.* 72, *s.* 2.

*By the Court.*    He is only to be collocated on the *tableau* for that sum.    The code allows a pri-

viledge in favour of *law charges, frais de justice.* The English expression is rather vague—the French one is only, costs of court : taxed costs.

A CREDITOR who claims to be paid, in exclusion of the others, must make out his right strictly. Priviledges are odious and should be restrained.

SPRING 1812.
I. District.

ELLERY
*vs.*
AMELUNG'S
SYNDICS.

### PRIVILEDGE DENIED.

*Mazureau,* for the plaintiff. *Moreau,* for the defendants.