By the Court.

The only question, submitted, in this case, for the opinion of the court,- is whether attornies and counsellors at law are to be considered as privileged creditors, on the estate of insolvent debtors, for their fees : particularly such as they may charge, in addition to those authorised and established as properly taxable, and which by law make a part of the law charges, or frais de justice.
The appellee, who was plaintiff in the court below, claims a priority or preference to other *283 creditors, not only for the tax fees of the suits, which he appeared as attorney for the insolvents, but also for sums of money, which he has thought just to charge, on account of services rendered in said suits, above the fees properly taxable : and these charges, it is admitted, are reasonable and do not exceed what is usually charged by attornies and counsellors in this state.
IiV support of this claim to privilege, authorities have been cited from the Spanish law books, the Partidas, Nueva Recopilación and Febrero. The two first, it is true, treat of matters relating to attornies or advocates, and amongst other things fix the greatest amount which they are authorised to charge for their professional services. But, there is no expression in them, tending to prove that they have any privilege for such charges or salary. The clause cited from Febrero is very confuse, containing in it and in a every small Compass things relating to Judges, advocates and teachers of science, and on examining the authorities to which he refers they will be found not fully . to support the doctrine laid down by him, We are, therefore, of opinion that if this cause was to be decided by these laws alone, the appellee has failed to shew any privilege, so far as relates to his demand ~ beyond the tax fees. But all these laws, wé Conceive, to be virtually repealed and abrogated, in all cases where the same things *284 been provided for in a different manner, by the legislature of the late territory, or of the states.
'J’he case must, then, be determined principally on that clause of the fcivil Code, which gives a privilege to law charges, as expressed in the French text,jrais de justice. To ascertain the true meaning of these words is cited the Encyclopédie Méthodiqúe, verbo jurisprudence. But the definition there given does not embrace the charges of the appellee, which exceed the legal fees regularly taxed, under the lews in such cases made and provided.
It is true that, in the same book, after the definition of the term Jr ais de justice, is also found the definition of the words frais and salaires : the former are said to be privileged, not so the latter.
No opposition having been made to the recovery of the whole amount of the plaintiff’s claim in the parish court, the Judge did not err in rendering his judgment accordingly. But, he erred in determining the whole to be a privileged debt. The tax fees alone can be considered as such.
The judgment of that court- must, therefore, be reversed and we do order, adjudge and decree that the same be reversed and annulled : and, proceeding to give such judgment as ought to have been given by the court below, wé adjudge to the *285 appellee the sum of 8 725, but that he shall entitled to no privilege* except for 8 211,25, the amount of the tax fees. See Ellery vs. Syndics of Amelung, 2 Martin 242, Elmes vs. Syndics of Esteva, id. 264.